UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DEBORAH LEIGH KELLEY,

    Plaintiff,

v.                                                                                              Civ. No. 16-618 GJF

ANDREW SAUL, *Commissioner of the*
*Social Security Administration*,[1]

## ORDER GRANTING § 406(b) ATTORNEY FEES

THIS MATTER is before the Court on Plaintiff's "Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum" [ECF 27] ("Motion"). The matter is fully briefed. *See* ECF 28 (Commissioner's Response). For the reasons stated below, the Court will **GRANT** Plaintiff's Motion.

**I.   BACKGROUND**

In June 2016, Plaintiff entered into a "Fee Agreement" contract in which she formally hired counsel to "represent [her] in a federal court review of [her] social security disability case [and] supplemental security income case." ECF 27-1 at 23. In doing so, Plaintiff acknowledged that "there [would be] *no* attorney's fees unless [she] [received] some or all of the relief [she] [was] seeking." *Id.* (emphasis added). Furthermore—if she was "awarded benefits by the Social Security Administration following a remand order by federal court"—then she explicitly "*agree[d]* to pay [her] attorney *twenty five percent (25%)* of [her] past-due benefits." *Id.* (emphasis added).

---

[1] On June 17, 2019, Andrew Saul was sworn in as Commissioner of Social Security. Consequently, Mr. Saul has been "automatically substituted as a party." FED R. CIV. P. 25(d). Furthermore, because "[l]ater proceedings should be in [his] name," the Court has changed the caption of this case accordingly. *Id.*; *see also* 42 U.S.C. § 405(g) (stating that such an action "survive[s] notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

In September 2017, this Court granted Plaintiff's "Motion to Reverse and Remand," which caused "the Commissioner's final decision [to be] reversed" and Plaintiff's cause to be "remanded for further review." ECF 22 at 20. In June 2019, the Administrative Law Judge issued a final decision in favor of Plaintiff, awarding Plaintiff past-due benefits of approximately $159,000. Mot. 1, 5; ECF 27-1 at 1-16. In February 2020, the Administration informed Plaintiff's counsel that it had withheld twenty-five percent ($39,820.90) of these past-due benefits "in order to pay the approved representative's fees." *Id.* at 13-16. Consequently, Plaintiff sought an order from the Social Security Administration pursuant to 42 U.S.C. § 406(a) authorizing counsel to receive $6,000 from these past-due benefits for the legal services that were rendered before the Administration. Mot. 5. Shortly thereafter, Plaintiff's counsel filed the instant Motion pursuant to § 406(b), asking the Court to approve reasonable attorney's fees of $33,820.90 for legal services that were rendered before this Court, also payable from these past-due benefits. Mot. 1, 7. Plaintiff's counsel has affirmed that, if the Court authorizes such attorney's fees, she will transfer to Plaintiff a separate Equal Access to Justice Act ("EAJA") fee of $6,001.50, which the Court previously awarded to Plaintiff and which was paid from the Administration's funds. Mot. 2, 5; *see* ECF 25 (order granting EAJA fees).

In support of this Motion, Plaintiff's counsel has affirmed that Plaintiff was provided expert representation by an "an experienced Social Security attorney who prosecuted this case diligently and efficiently." Mot. 6; ECF 27-1 at 19-22 (also noting that counsel's practice "consists primarily of social security [cases]" and that counsel has "been in private practice for approximately 30 years"). Furthermore, Plaintiff's counsel provided the Court with affidavits, certifying that 31.5 hours were spent providing legal services in representing Plaintiff before this Court. Mot. 4; ECF 27-1 at 19-22.

## II. LEGAL STANDARD

"Federal law regulates the fees that attorneys may charge Social Security claimants for representation before [1] the Social Security Administration and [2] a reviewing court." *Culbertson v. Berryhill*, 139 S. Ct. 517, 519 (2019) (citations omitted). Specifically, "[42 U.S.C.] § 406(a) governs fees for representation in administrative proceedings [and] § 406(b) controls fees for representation in court." *Id.* at 520 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)); *see also McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (noting that "each authority sets fees for the work done before it; thus, the court does not make fee awards for work at the agency level, and the Commissioner does not make fee awards for work done before the court").

Under § 406(b), "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee" for the attorney who represented that claimant before the court, provided that the fee is "not in excess of 25 percent of the total of the past-due benefits" resulting from the judgment.  § 406(b)(1)(A); *see also Culbertson*, 139 S. Ct. at 523 (holding that "the 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)"); *Gisbrecht*, 535 U.S. at 807 (observing that "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered").

The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements," noting that such agreements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807.  Instead, "§ 406(b) calls for court review of such arrangements as an independent check, to assure that they

yield reasonable results in particular cases." *Id.* And the reasonableness determination is "based on the character of the representation and the results the representative achieved." *Id.* at 808 (citations omitted). In making such a determination, a court may therefore consider factors such as (1) whether the "representation [was] substandard," (2) whether "the attorney [was] responsible for any delay," and (3) whether "the benefits are large in comparison to the amount of time counsel spent on the case," for example by amounting to a "windfall[] for lawyers" *Id.* (quotation marks and citations omitted). Because "district courts are accustomed to making reasonableness determinations in a wide variety of contexts, . . . their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Id.*

Finally, under a separate statute, the EAJA, 28 U.S.C. § 2412, "a successful Social Security benefits claimant[] may be awarded fees payable by the United States if the Government's position in the litigation was not 'substantially justified.'" *Gisbrecht*, 535 U.S. at 796 (quoting 28 U.S.C. § 2412(d)(1)(A)).[2] "Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." *Id.* (quotation marks and citation omitted).

### III. ANALYSIS

In performing its "independent check" of the fee arrangement pursuant to 42 U.S.C. § 406(b), the Court finds that Plaintiff's counsel has "show[n] that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. First, the proposed fee of $33,820.90 is less than 22 percent of the past-due benefits—an amount that is both below "the 25 percent boundary,"

---

[2] *See also McGraw*, 450 F.3d at 497 (noting that "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded" and that "[f]ees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the EAJA penalize the [Commissioner] for assuming an unjustified legal position and, accordingly, are paid out of agency funds" (quotation marks and citation omitted) (brackets in original)).

*id.*, and consistent with what Plaintiff explicitly agreed to, ECF 21-1 at 23.[3]  Second, the Court is aware of no evidence indicating that counsel's representation was "substandard" or that counsel was responsible for any unwarranted delay.  *Id.* at 808.  Third, although this fee translates into an hourly rate of approximately $1,073.68, such an hourly fee rate is not the determining factor—as the Supreme Court explicitly rejected the "lodestar method" for calculating such fees, under which "the number of hours reasonably devoted to each case was multiplied by a reasonable hourly fee." *Id.* at 797-99.  Instead, the question is whether the "fee sought is reasonable for the services rendered."  *Id.* at 807.  Consequently, this Court finds that a $33,820.90 fee for 31.5 hours of efficient and professional representation—which resulted in an overall award of approximately $159,000 in past-due benefits (and continued monthly benefits of $2,100) and which is explicitly based on a contingent-fee agreement (and the significant risks it presented to counsel)—is reasonable and not so "large in comparison to the amount of time counsel spent on the case [such that] a downward adjustment is . . . in order."  *Id.* at 808.[4]

---

[3] *I.e.*, Plaintiff agreed to pay her attorney $39,820.90 (twenty-five percent of her past due benefits), a payment that is comprised of a $6,000 fee under § 406(a) (for services before the Administration) and a $33,820.90 fee under § 406(b) (for services before this Court).  *See id.*; Mot. 1-2, 5.

[4] Although Plaintiff only cites to cases in which contingency awards amounting to *de facto* rates approaching $800 per hour were approved, *see* Mot. 6, the Court emphasizes that the hourly rate is *not* the deciding factor.  *Gisbrecht*, 535 U.S. at 797-99.  Furthermore, although there is surely some upper limit in which such a *de facto* rate becomes unreasonable, *see e.g.*, *Stevenson v. Saul*, No.16-9524-JC, 2019 U.S. Dist. LEXIS 212007, at *7 (C.D. Cal. Aug. 30, 2019) (noting that—although a *de facto* hourly rate of "$1,492.57 for time counsel *and his paralegal* spent [on the case] . . . push[ed] the upper limit of what is reasonable"—such an award was still reasonable, and citing cases in which *de facto* hourly rates exceeding $1,000 were routinely approved (emphasis added)), the Court does not find the award in this particular case to be *unreasonable*, especially in light of counsel's experience, efficiency, and willingness to accept the risk of work on a contingency basis.  *See also Faircloth v. Barnhart*, 398 F. Supp.2d 1169 (D.N.M. 2005) (observing that "[t]hese cases do not pay well; in fact, they often do not pay at all, and even when they do, the payment is often delayed for months and even years"—and "refus[ing] to penalize [a plaintiff's] attorneys for representing their client more efficiently than a less experienced attorney might").  For example, the Court notes that it alone has resolved 32 cases (including this one) filed by counsel's firm during the last four years—but only three of these cases (16cv109, 16cv618, 17cv528) resulted in the Court granting an opposed Motion to Remand and awarding § 406(b) attorney fees.  *See also* 15cv764, 15cv1025, 16cv1009, 17cv638 (four additional cases filed by counsel's firm in which this particular Court granted opposed Motions to Remand but had not, at least as of July 2020, awarded § 406(b) fees).

Finally, because Plaintiff's counsel will have secured both EAJA and § 406(b) fees, she must "refund to the claimant the amount of the smaller fee," which in this case is the EAJA fee of $6,001.50.  *Id.* at 796.

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion is **GRANTED**.  Plaintiff's counsel is thus authorized attorney fees under 42 U.S.C. § 406(b) in the amount of $33,820.90, payable to Laura Joellen Johnson c/o Michael Armstrong Law Office, LLC.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall directly refund to Plaintiff the $6,001.50 in EAJA fees.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*